Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JAIME CARRERO AVILÉS<br><br>Peticionario<br><br>v.<br><br>EREDIA NIEVES GALARZA<br><br>Recurrida | KLAN202400052<br><br>Consolidado con<br><br>KLAN202400189 | Apelación acogida como *certiorari*<br>Procedente del Tribunal de Primera Instancia,<br>Sala de MAYAGÜEZ<br><br>Caso Núm.:<br>AÑ2023CV00261<br><br>Sobre:<br>Liquidación de Comunidad Post Ganancial |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Por virtud del recurso de apelación **KLAN202400052**, el Sr. Jaime Carrero Avilés (en adelante, señor Carrero) nos solicitó la revisión judicial y revocación de tres (3) diferentes órdenes emitidas en el caso de epígrafe por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante TPI o foro primario).

Mediante la primera de estas, el TPI resolvió que la Sra. Eredia Nieves Galarza (en adelante, señora Nieves) no renunció a la administración del negocio Funeraria y Floristería Jalvin, Inc.; que esta está ávida para continuar como administradora y mantuvo el nombramiento de ambas partes como administradores del mencionado negocio. En la segunda, se le ordenó al apelante mostrar causa por la cual no debía encontrársele incurso en desacato civil, señalándose audiencia para ello y en la última, se le impuso una sanción de $500.00.

De otra parte, a través de la presentación del recurso **KLAN202400189** ocurrida el 29 de febrero de 2024, este ausculta la

revocación de la *Resolución y Orden* emitida y notificada por el foro primario el 9 de febrero del año en curso.

Evaluados estos recursos, comenzamos con aclarar que las determinaciones sobre las que el señor Carrero interpuso ambos recursos son de naturaleza interlocutoria. Por tal razón, el vehículo procesal correcto para recurrir en revisión judicial de estas, es el *certiorari* y no la apelación. Siendo ello así, se acogen estos como unos de *certiorari* aunque, en ánimos de una resolución justa, rápida y económica, conservarán su identificación alfanumérica. Así establecido, y al amparo de la discreción que nos concede la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, también decretamos consolidarlos. Asimismo, y tal cual nos autoriza a hacer la Regla 7(B)(5), prescindimos de la comparecencia de la señora Nieves frente al recurso **KLAN202400189**.

Resuelto como arriba detallado, adelantamos que luego de estudiar minuciosamente ambos legajos, resolvemos **denegar** la expedición de ambos. Veamos.

I

El 13 de septiembre de 2023, el señor Carrero instó una *Demanda* sobre división de comunidad de bienes contra la señora Nieves. En esta, el señor Carrero señaló que entre las partes una vez existió una Sociedad Legal de Gananciales que a esa fecha no había sido dividida. Igualmente, indicó que entre los bienes gananciales de las partes se encuentra en marcha un negocio conocido como Funeraria Jalvin. Añadió que, conforme la sentencia de divorcio las partes acordaron que la administración de este, sería conjunta hasta la liquidación y que, contrario a lo estipulado, la señora Nieves incautó el negocio y su administración sin reportar ni dividir sus ingresos, realizando inclusive, cambios a su solo nombre en los registros, corporaciones y cuentas bancarias de este. El apelante solicitó en su demanda que se nombrara al hijo de las partes como administrador

interino, así como el inventario, avalúo y la división de los bienes y deudas gananciales.

El 7 de octubre de 2023 la apelada contestó la *Demanda* y sometió *Reconvención* contra el apelante. Al así hacer, negó haberse incautado del negocio, alegó que fue el apelante quien en un inicio se adjudicó la función de administrador, relevándola a gestiones que no guardaban relación con el manejo de este. La apelada, señaló que posteriormente el señor Carrero abandonó la coadministración del negocio, obligándole a administrarlo en su totalidad. También le imputó el obstaculizar la sana administración del negocio y poner en riesgo la vigencia de licencias, teniendo que recurrirse al tribunal en solicitud de remedios urgentes.

Asimismo, la señora Nieves aseveró que el hijo de las partes se presentó en el negocio indicando que había sido designado por el señor Carrero como administrador, impidiéndole a la demandada ejercer su rol de codueña y coadministradora. Igualmente, indicó que recientemente el Departamento de Salud le notificó sobre una solicitud de cambio de director funerario y de la incongruencia de la firma registrada con la de ella, la que aseveró fue falsificada, pues nunca sometió tal petición.

Por su parte, y a modo de reconvención, la señora Nieves reclamó que el señor Carrero le ha privado del uso y disfrute de su propiedad. De la misma manera, y entre otras cosas, alegó que este incurrió en deudas personales que en nada beneficiaron a la Sociedad Legal de Gananciales. Expresó de igual forma, que como consecuencia de la negligencia del señor Carrero en el manejo del negocio tuvo que incurrir en deuda para poder adquirir un vehículo fúnebre, que este ha autorizado al hijo de las partes a vender y disponer activos del negocio sin autorización de ella, así como a cambiar las cerraduras del negocio e impedirle su entrada. Por ello, también

solicitó la liquidación de la comunidad de bienes entre ella y el señor Carrero.[1]

Posteriormente la apelada, el 12 de octubre de 2023, sometió *Urgente solicitud* en la que indicó que al acuerdo de coadministración que fue emitido en la sentencia de divorcio es objeto de la intervención de terceras personas que no tienen interés propietario sobre el negocio, afirmó que no tiene impedimento para administrar este y rechaza la imposición del hijo de las partes como administrador. Así, y con miras a preservar el caudal, solicitó la celebración de una audiencia urgente. El 1 de noviembre de 2023, el señor Carrero se opuso a este escrito. Al así hacer, asevera que la incautación al negocio que la señora Nieves señala es imputable al hijo de las partes, quien no es parte en el caso. Asimismo, asevera que para que pueda concederse un remedio provisional tiene que notificársele adecuadamente a las partes y la celebración de una audiencia.

El 10 de noviembre de 2023, el TPI señaló una vista para el 27 de noviembre de 2023. También, emitió *Resolución y Orden* en la que le ordenó a la señora Nieves a acreditar previo a la audiencia señalada las licencias que posee para operar el negocio, así como la alegada renuncia a la coadministración que señala en su escrito por parte del señor Carrero. Ese día, esta sometió *Moción en cumplimiento de Orden* en la que señaló los documentos que acompañó con su escrito que acreditaban la alegada renuncia a la coadministración. En documento aparte, también sometió copia de *Certificación Director Funerario* expedido a su nombre por el Departamento de Salud.

Llegado el día de la audiencia, el señor Carrero presentó *Moción urgente sometiendo prueba documental* en la que sometió copia de *Certificación*

---

[1] En esa misma fecha, la señora Nieves instó una *Solicitud bajo la Regla 56* en la que por las razones allí consignadas reclamó que la orden de coadministración que se incluyó en la sentencia de divorcio continúa vigente, por lo que solicitaba que el TPI así lo reafirmara y apercibiera que el impedimento u obstaculización de esta constituía desacato.

*de Director Funerario* expedido por el Departamento de Salud a nombre de Jaime Carrero Nieves como Director Funerario para la Funeraria Floristería Jalvin Inc.; Escritura Número 110 de Poder General en la que confiere poder general a su hijo Jaime Carrero Nieves; Orden de detención temporera para que una persona sea evaluada por un psiquiatra expedida por el Tribunal Municipal de Añasco contra la señora Nieves; correo electrónico del 6 de noviembre de 2023 y *Formulario para informantes y directores funerarios.* Habiéndose celebrado esta, el TPI dispuso lo siguiente:

> En este caso no se va a nombrar a un Administrador Judicial porque tiene[n] las partes conscientes, tienen sus permisos al día y están ávidos para poder ejercer la administración de su propio negocio. En este caso, la presunción de capacidad se presume, mientras no se presente prueba en contrario, aquí hay una presunción de capacidad. Así las cosas, no se tomará en consideración la orden de detención temporera para que una persona sea evaluada por un psiquiatra.
>
> Con la prueba presentada, se reactiva la coadministración del negocio de la funeraria por ambas partes. Ambas partes, tendrá[n] el derecho de coadministración y la única autorizada en este caso para ejercer la función de director Funerario va a [ser] la señora Eredia Nieves Galarza. Ninguna otra persona estará autorizada en este caso a ejercer la función de Director Funerario del bien o del negocio ganancial hasta tanto otra situación se disponga por este Tribunal. Se va a emitir la orden correspondiente. Pero, en cuanto al particular, la coadministración se reactiva tal como acordado en la sentencia de divorcio por las propias partes.
>
> Este Tribunal se reitera que, quien único está autorizado a ejercer la función de Director Funerario será la señora Eredia Nieves Galarza. Ninguna otra persona va a entrar en el negocio, quien va a administrar es o será el señor Jaime Carrero Avilés con la señora Eredia Nieves Galarza. Ese es el negocio ganancial de ambas partes y hasta tanto otra cosa se disponga, así es que va a suceder.[2]

El 28 de noviembre de 2023, la señora Nieves sometió una *Moción informativa* en la que anunció que el hijo de las partes cambió la cerradura del negocio ganancial, por lo que no tiene llave para poder entrar y acceder el negocio del cual por virtud de la orden es coadministradora. Asimismo, indicó que al día siguiente estaría asistiendo en horas de la mañana, lo que le fue notificado al señor Carrero, y que lo haría en compañía de un Notario

---

[2] Véase, *Minuta* de la vista celebrada el 27 de noviembre de 2023; página 77 del Apéndice.

Público para levantar un acta del estado en que se encuentra el negocio al momento de su regreso.

Al día siguiente, esta sometió una *Solicitud de desacato* en la que señaló que, al comparecer al negocio, tanto el señor Carrero como el hijo de ambos le negaron acceso, la maltrataron, humillaron y le indicaron que el único dueño de la funeraria era éste y que estos actos fueron realizados en presencia del Notario Público, quien levantó Acta. La señora Nieves sometió copia del acta con su escrito. Ante ello, solicitó que se encontrara al señor Carrero incurso en desacato y se ordenara su arresto. En esa fecha, el foro primario le impuso una sanción de $500.00 al señor Carrero por incumplir con su orden. En cuanto a la solicitud de desacato, de forma separada, el foro primario emitió *Orden para mostrar causa por desacato civil* en la que informó que se había señalado una vista para el 18 de enero del año en curso, citándole a comparecer.

El 11 de diciembre de 2023, el señor Carrero instó *Solicitud de Reconsideración* en la que, si bien señala que no tiene reparo en cuanto al dictamen que restablece la coadministración del negocio por ambas partes, manifestó sí tenerlo en cuanto a varios asuntos consignados en la orden. Estos son:

- La orden indica que la vista es de coadministración, cuando realmente trataba de una bajo la Regla 56 de Procedimiento Civil.

- La audiencia celebrada no constituyó una audiencia evidenciaria pues la señora Nieves nunca presentó prueba acreditando su reclamo, por lo que no fue contrainterrogada.

- Durante la audiencia celebrada no se presentó prueba que permitiera que el TPI concluyera, como hizo en la orden, que la señora Nieves no ha renunciado a ser la administradora y está ávida para continuar ejerciendo el rol de administradora.[3]

- La orden emitida indica que se mantiene el nombramiento de ambas partes como administradores, más realiza un

---

[3] Aunque admite que la capacidad se presume, el señor Carrero señaló tener prueba directa de mensajes de texto enviados por la señora Nieves desde su celular que contradicen tal aseveración y constituyen admisión de parte. En su escrito, procedió a hacer un desglose de su contenido.

apercibimiento sobre incumplimiento dirigido solamente a él, debiéndose haber hecho dirigido a ambas partes.

- La administración de un negocio dirigido a servicios funerarios no es posible solo con las partes envueltas, requiriéndose como mínimo 5 personas trabajando en él.
- El Poder general otorgado por el señor Carrero en favor del hijo de ambas partes es lícito.

- El Acta Notarial lo que recoge es un intercambio de palabras, más no demuestra que se haya impedido la entrada. Más con solo esta, el TPI impuso una sanción de $500.00, sin siquiera darle oportunidad de expresarse al respecto.

Basándose en lo señalado, el señor Carrero le solicitó al TPI reconsiderar las órdenes y que mantuviera única y exclusivamente aquella relacionada a la coadministración del negocio. El 22 de diciembre de 2023, el TPI emitió *Resolución* mediante la cual declaró No Ha Lugar la solicitud de reconsideración del señor Carrero.

Inconforme, el 17 de enero de 2024 este acudió ante nos mediante el recurso **KLAN202400052** y le imputó al TPI equivocarse al emitir una orden provisional bajo la Regla 56 sin la celebración de una vista evidenciaria y al expedir orden para mostrar causa por desacato e imponerle una sanción de $500.00.

Atendido el recurso, el 19 de enero de 2024, emitimos *Resolución* en la que le concedimos a la señora Nieves 30 días para someter su posición. En cumplimiento con ello sometió *Oposición a expedición del auto bajo la Regla 37 y solicitud de desestimación.* En cuanto a la desestimación, argumenta que la moción de reconsideración que el señor Carrero sometió ante el foro primario no interrumpió el término para acudir en revisión judicial. Primero, porque en cuanto a la coadministración ordenada, en dicho escrito se allanó a la misma por lo que está impedido de cuestionarla ante nosotros como hizo al discutir su primer señalamiento de error. Segundo, según argumenta, el derecho utilizado como base para solicitar la reconsideración no fue el correcto. Además, la señora Nieves plantea que el segundo señalamiento de error, analizado bajo los criterios de la Regla 40 de nuestro

Reglamento, 4 LPRA Ap. XXII-B, R. 40, carece de alguno de los elementos que dicha regla establece para que, a manera de excepción, decidamos intervenir.[4]

Cabe señalar que estando pendiente de resolverse el recurso **KLAN202400052**, con fecha del 6 de febrero de 2024, la señora Nieves sometió ante el foro apelado, una *Urgente moción informativa* en la que le indicó al tribunal que debido al reiterado incumplimiento por parte del señor Carrero con la orden para que sea ella quien ejerza como Directora Funeraria, el Departamento de Salud notificó que no otorgará más permisos especiales por enterrar sin permisos. Asimismo, señaló que, pese a lo previamente ordenado en el caso, al momento de someterse el escrito continuaba sin copia de las llaves de la funeraria, ni acceso a los documentos. También indicó que tanto el hijo de las partes como una empleada identificada como Sonia Miranda le impedían entrar.

En respuesta a este escrito, el señor Carrero presentó una *Moción informativa, en oposición a solicitud de orden y solicitud de descalificación*. En síntesis, y sobre lo alegado en su contra, afirma que mediante los distintos escritos que ha sometido la señora Nieves, esta intenta desviar la atención del Tribunal sobre la naturaleza de la acción. Entiéndase, una división de comunidad de bienes. Asimismo, expone las razones que a su criterio justifican la descalificación de la Lcda. Griselle Sepúlveda, como abogada.

Atendidos ambos, el 9 de febrero de 2024, el TPI dictó *Resolución y Orden,* en la que, tras exponer y resumir varias determinaciones alcanzadas y destacar ciertos detalles, declaró No Ha Lugar la descalificación solicitada. Ahora, el foro primario consideró necesario señalar una vista evidenciaria de desacato para "atender el asunto de la dilación en el cumplimiento de la ORDEN de coadministración del negocio." Por tal razón, citó una audiencia de desacato para el 28 de febrero de 2024.

---

[4] En cuanto a la desestimación solicitada, resolvemos **No Ha Lugar**.

Asimismo, y ante las alegaciones levantadas contra terceras personas que alegadamente intervienen con las órdenes ya emitidas, ordenó la expedición de una citación dirigida a Jaime Carrero Nieves y contra Sonia Miranda Ramos para que comparecieran a la vista señalada.

Ante este dictamen, el señor Carrero insto el recurso **KLAN202400189** y señaló que el TPI erró al:

> […] ordenar la coadministración por las partes del Negocio en marcha y no por tercero, anulando de facto una escritura de poder otorgada por el demandante Jaime Carrero Avilés apoderando a su hijo Jaime Carrero Nieves.

> […] señalar una vista evidenciaria de desacato, particularmente citando a Jaime Carrero Nieves y Sonia Miranda Ramos quienes no son parte en este proceso.

> […] no descalificar a la Lcda. Griselle Sepúlveda Chavier como abogada de la parte demandada-apelada.

II

-A-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil

Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019).  La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*, a la pág. 404; 800 Ponce de León v. AIG, *supra*.  Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[5] Estos, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).  La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. de Caguas v. JRO Construction, *supra*.

---

[5] Estos son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

III

Como ya dijimos, mediante la presentación del recurso **KLAN202400052**, el señor Carrero afirma que se equivocó el TPI al emitir una orden provisional bajo la Regla 56 sin la celebración de una vista evidenciaria y al expedir orden para mostrar causa por desacato e imponerle una sanción de $500.00. Por su parte, en el **KLAN202400189**, asevera que los errores cometidos se debieron a la emisión de una orden de coadministración que no contempla el Poder General que otorgó en favor de su hijo, a citar a este último y a otro tercero ajeno al caso a comparecer a la vista de desacato y a la negativa de descalificar a la Lcda. Griselle Sepúlveda Chavier.

El recurso **KLAN202400052** ausculta, entre otras cosas, la revisión judicial de la determinación discrecional de conceder un remedio provisional bajo la Regla 56 de Procedimiento Civil, *supra*. Siendo ello así, estamos ante él frente a una de las instancias en la que, por virtud de la Regla 52 del mismo cuerpo de reglas, podríamos expedir el auto discrecional de *certiorari*. El resto de los señalamientos levantados en dicho recurso, sí como aquellos sometidos y discutidos en el recurso **KLAN202400189**, tratan sobre asuntos no contemplados por la citada regla. [6] Estos, conforme el derecho aplicable, deben ser evaluados al crisol de los elementos señalados por la Regla 40 de nuestro Reglamento, citados en la nota al calce número 4 de esta *Sentencia*.

Examinados ambos recursos y analizados los argumentos que el señor Carrero levanta para impugnar las decisiones recurridas, no

---

[6] Reconocemos que nuestro ordenamiento jurídico reconoce el derecho de toda persona de recurrir en revisión judicial de cualquier determinación interlocutoria que a su juicio se haya emitido erróneamente o sea contraria a derecho. No obstante, ante la protesta que levanta el señor Carrero en cuanto a que la solicitud de remedios provisional que la señora Nieves sometió y la especial atención que el foro primario le ha brindado, atrasa la resolución de su solicitud de liquidación de la comunidad. Entendemos meritorio recordarle que la continua interpelación de recursos apelativos como los de epígrafe para auscultar la revisión judicial de determinaciones interlocutorias, pudieran acarrear el mismo efecto, particularmente si el foro primario en deferencia decide esperar por el trámite apelativo antes de continuar con los procedimientos.

identificamos presente alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento para determinar la expedición del auto discrecional del *certiorari*. No nos parece que las decisiones recurridas sean contrarias a derecho, ni que en estas haya mediado prejuicio, parcialidad por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

Siendo ello así, denegamos la expedición del auto de *certiorari* solicitado.

IV

Por los fundamentos arriba expuestos, denegamos la expedición del auto de *certiorari* solicitado por el Sr. Jaime Carrero Avilés.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones